UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| SUDHEER RAO MOTURI, | | |
| Petitioner, | | CASE NO. C19-2023-RSM-BAT |
| v. | | **ORDER CONSOLIDATING CASE** |
| ICE FIELD OFFICE DIRECTOR, | | |
| Respondent. | | |

| | | |
|---|---|---|
| SUDHEER RAO MOTURI, | | |
| Petitioner, | | CASE NO. C20-498-RSM-BAT |
| v. | | |
| WILLIAM P. BARR, U.S. ATTORNEY GENERAL, | | |
| Respondent. | | |

This matter is before the Court on Petitioner's Motion to Consolidate (Dkt. #11) and Petitioner's Notice of Intent to Supplement Motion for Temporary Restraining Order and File Amended Petition for Writ of Habeas Corpus (Dkt. #10) filed in *Moturi v. Barr*, C20-498-RSM-BAT. To provide the parties clarity, the Court addresses the motion to consolidate prior to its

ORDER - 1

noting date.

After serving criminal sentences for two criminal convictions, Petitioner was taken into U.S. Immigration Customs Enforcement ("ICE") custody on August 22, 2016. ICE initiated removal proceedings against Petitioner on the basis of his criminal convictions. Petitioner contested that the criminal convictions were sufficient for removal, but on May 17, 2017, an immigration judge sustained the charges. Petitioner then sought asylum, withholding of removal, and protection under the Convention Against Torture. When that relief was denied by the immigration judge, Petitioner appealed to the Board of Immigration Appeals ("BIA"). The BIA dismissed Petitioner's appeal on February 19, 2019, and Petitioner sought review before the Ninth Circuit Court of Appeals. *Moturi v. Barr*, No. 19-70518 (9th Cir.). The Ninth Circuit stayed Petitioner's removal pending resolution of his appeal.

On December 11, 2019, Petitioner filed a *pro se* 28 U.S.C. § 2241 petition with this Court arguing that his more than three years of detention violated his constitutional rights. *Moturi v. Ice Field Office Director*, C19-2023-RSM-BAT. The government responded with a motion to dismiss the petition, and that matter remains pending before the Court.

On March 27, 2020, Petitioner filed an Emergency Motion Under Circuit Rule 27-3 for Immediate Relief before the Ninth Circuit Court of Appeals. *Moturi v. Barr*, C20-498-RSM-BAT, Dkt. #2. Therein, Petitioner asserted that his detention "gravely heightens his risk of contracting COVID-19 due to the congregate carceral setting, which prevents him from complying with both state and federal officials' admonitions to maintain distance from other people." *Id.* at 6. Petitioner argued that his risk is further elevated because, since November 2018, he suffers from the autoimmune disease Behçet's. *Id.* at 5. Petitioner argued that his disease increased both the chance that he would contract COVID-19 and the risk that he would

become "severely ill if he contracts COVID-19." *Id.* Accordingly, Petitioner argued that his release from custody was necessary to safeguard his Fifth Amendment right to be free from detention that amounts to punishment. *Id.* at 8–9.

On April 1, 2020, the Ninth Circuit construed Petitioner's Emergency Motion as a petition for a writ of habeas corpus and transferred it to this Court for consideration under § 2241. *Moturi v. Barr*, C20-498-RSM-BAT, Dkt. #1-1. The Ninth Circuit urged "the district court to address this matter expeditiously" and anticipated that the district court "would do so promptly." *Id.* On April 3, 2020, Petitioner provided notice of his intent to supplement his emergency motion and to file an amended § 2241 petition and requested "that the Court wait to rule on his motion until he has the opportunity to update the filing to conform" to the current posture of the case. *Moturi v. Barr*, C20-498-RSM-BAT, Dkt. #10. Concurrently, Petitioner filed a Motion to Consolidate his two matters pending before this Court. *Moturi v. Barr*, C20-498-RSM-BAT, Dkt. #11. Petitioner argued that the "two cases are habeas petitions seeking the same relief: release from his civil immigration detention at the Northwest Immigrant Processing Center." *Id.*

**1. Consolidation**

Federal Rule of Civil Procedure 42(a) provides this Court with broad discretion to consolidate cases that involve common questions of law and fact. *See Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008) ("A district court generally has 'broad' discretion to consolidate actions; we review its decision on consolidation under an abuse of discretion standard."); *see also Investor's Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989); *Washington v. Daley*, 173 F.3d 1158, 1169 n. 13 (9th Cir. 1999). District courts are authorized to consolidate cases *sua sponte*, without a motion from the parties. *See, e.g., In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987) ("Because consolidation

is within the broad discretion of the district court, . . . trial courts may consolidate cases *sua sponte*[.]"). In determining whether consolidation is warranted, courts look to the existence of common questions of law or fact and weigh the interests of judicial economy against any delay or prejudice that might result. *See id.*

The Court finds consolidation appropriate here. Petitioner's two actions seek to challenge his continued civil detention. The Court and the parties are served by Petitioner bringing all claims for relief before the Court in a single action. While there is some inefficiency due to existing motions being fully briefed, Petitioner made his earlier claims without the benefit of counsel and Petitioner has informed the Court that additional supplementation is necessary on his later-filed petition and motion. Were the Court not to order consolidation, there is a distinct possibility that similar issues could be resolved inconsistently. Further, the Court's fullest consideration of Petitioner's continued civil detention is far preferable to piecemeal consideration. Accordingly, and consistent with the Court's local civil rules, the Court will order the cases consolidated under the earlier filed case.

**2. Leave to Amend**

The Court also finds it appropriate to grant Petitioner leave to file an amended § 2241 Petition. Petitioner indicates his desire to file an amended petition in his later filed action. *Moturi v. Barr*, C20-498-RSM-BAT, Dkt. #10. Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." FED. R. CIV. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). Even if Petitioner had not made such a request, the Court may *sua sponte* grant leave to amend a pleading. *United States v. $11,500.00 in U.S. Currency*, 710 F.3d 1006, 1013 (9th Cir. 2013) ("the absence of a formal motion for leave to amend does not

preclude the district court from granting it") (citing *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 n. 2 (9th Cir.1990)); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (in the context of a motion to dismiss, "a district court should grant leave to amend even if no request to amend the pleading was made"). While the Court again notes that the government may bear some burden by way of further briefing, the public's interest in the full, fair, and just resolution of Petitioner's claims far outweighs any such prejudice.

Accordingly, and having considered Petitioner's pending matters before this Court, Petitioner's recent filings, and the balance of the records, the Court finds and ORDERS:

1. *Moturi v. Ice Field Office Director*, Case No. C19-2023-RSM-BAT (W.D. Wash.) and *Moturi v. Barr*, Case No. C20-498-RSM-BAT (W.D. Wash.) shall be CONSOLIDATED. **All future documents shall be filed only under the consolidated cause number C19-2023-RSM-BAT and shall not be filed under other cause numbers.**

2. Petitioner is granted leave to file an amended petition in the consolidated case. **Within fourteen days of this order,** Petitioner shall file a petition for writ of habeas corpus setting forth all grounds for such relief.

3. Petitioner's Emergency Motion Under Circuit Rule 27-3 for Immediate Relief, *Moturi v. Barr*, C20-498-RSM-BAT, Dkt. #2, is terminated. Petitioner may renote the motion or file an amended motion as may be appropriate.

Dated this 6th day of April, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 5